IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80984-MC-MARRA/MATTHEWMAN

KEVIN HOOG,

  Plaintiff,

v.

PETROQUEST ENERGY, L.L.C., *et al.,*

  Defendants.

_____/

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
## CONCERNING RULE 45(f) TRANSFER

Plaintiff Kevin Hoog ("Plaintiff") submits this supplemental memorandum concerning potential transfer under Rule 45(f), as directed by the Court on June 30, 2021. *See* Doc. 16.

**1.**     **Jurisdiction.**

There is simply no authority for the proposition that transfer of this proceeding to the Eastern District of Oklahoma ("EDOK") would create a jurisdictional defect. Rule 45(f) is clear:

> When the court where compliance is required did not issue the subpoena [this case], **it may transfer a motion under this rule to the issuing court** [here, EDOK] **if** the person subject to the subpoena consents [not this case] or if the court finds exceptional circumstances [this case].

(emphasis added); *see also Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-80525-cv-MARRA/MATHEWMAN, 2018 WL 2298348, *2 (S.D. Fla. May 21, 2018) ("Rule 45 allows the court to transfer a subpoena-related motion to the issuing court for adjudication 'if the Court finds exceptional circumstances.'").

    **2.**    **Exceptional Circumstances.**

When considering whether "exceptional circumstances" support transfer to the issuing court under Rule 45(f), "a court should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Hernandez*, 2018 WL 2298348, *2 (cleaned up). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.* (cleaned up). "In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-related motions in this issuing court would present an undue burden or cost." *Id.* (cleaned up). Compliance courts also consider whether retaining the subpoena-related dispute risks inconsistent results with the issuing court. *See, e.g., Duck v. S.E.C.*, 317 F.R.D. 321, 325 (D.D.C. 2016) ("this Court finds that transfer is warranted in order to avoid the risk of inconsistent results . . . and that transfer is warranted in order to avoid disrupting the issuing court's management of the underlying litigation").

Here, the facts support a finding of exceptional circumstances. Most importantly, the issuing court (EDOK) is currently considering the same "Apex" objections for a different witness (Lawrence Wall) asserted by Mr. Palumbo's very same counsel. *See* **Exs. 1-2**, Defendants' Mot. to Quash and for Prot. Order and Reply. A quick review of these briefs reveals the arguments are essentially identical, if not largely copied and pasted. The issues surrounding the Wall deposition are fully briefed before EDOK and the parties are simply awaiting a decision. Absent transfer of this matter to EDOK, there is risk of inconsistent results over the same objections. Beyond this

specific factor, the underlying litigation (*Hoog v. PetroQuest Energy, L.L.C., et al.*, No. 16-cv-00463-RAW (E.D. Okla.)) has been pending for nearly five years, it involves highly specialized oil-and-gas class action claims, for which EDOK has unique expertise,[1] and EDOK will soon decide class certification. Transfer avoids disturbing EDOK's management of the litigation.

Finally, there is no burden or prejudice to Mr. Palumbo to have EDOK resolve this matter upon transfer. Mr. Palumbo's counsel are the very same lawyers who represent the defendants in the underlying litigation, including the objections filed to the Wall deposition. *See* **Exs. 1-2**.

## CONCLUSION

Rule 45(f) expressly permits this Court to transfer this matter to EDOK, there is no jurisdictional defect in doing so, and exceptional circumstances support that transfer.

Date: July 2, 2021          By:    /s/ *Stuart A. Davidson*
Stuart A. Davidson
Fla Bar No. 84824
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561)750-3364
Email:  sdavidson@rgrdlaw.com

-and-

Reagan E. Bradford, OBA #22072
*admitted pro hac vice* (Doc. 9)
BRADFORD & WILSON PLLC
431 Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
Facsimile: (405) 234-5506
reagan@bradwil.com

---

[1] EDOK has handled many royalty class actions to successful resolution. *See, e.g., Cecil v. BP Am. Prod. Co.*, No. 16-CV-410-KEW (E.D. Okla.) (over $220 million royalty class settlement).

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by using the Court's CM/ECF system on July 2, 2021, on all counsel or parties of record on the Service List below.

/s/ *Stuart A. Davidson*
Stuart A. Davidson

**SERVICE LIST**

Camellia Noriega
Camellia.Noriega@nexteraenergy.com
Michele R. Blythe
Michele.Blythe@nexteraenergy.com
NEXTERA ENERGY RESOURCES, LLC
700 Universe Blvd.
Juno Beach, Florida 33408
Phone: (561) 304-5427
Facsimile: (561) 691-7103

**Attorneys for Jeffrey T. Palumbo**